UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---x

JAMES RICE, an individual; on behalf of himself and all others similarly situated,

                      Plaintiffs,

              vs.

MEL S. HARRIS AND ASSOCIATES, LLC, a New York Limited Liability Company; MEL S. HARRIS in his Individual and Official Capacity; LVNV FUNDING, LLC, a Delaware Limited Liability Company; and JOHN AND JANE DOES NUMBERS 1 THROUGH 25,

                      Defendant.

---x

CASE NO.

**CLASS ACTION**

**COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**DEMAND FOR JURY TRIAL**

## I.  PRELIMINARY STATEMENT

1. Plaintiff, JAMES RICE ("Plaintiff" or "RICE"), on behalf of himself and all others similarly situated, brings this action for the illegal practices of Defendants, MEL S. HARRIS AND ASSOCIATES, LLC ("MEL HARRIS LLC"), MEL S. HARRIS ("HARRIS"), and LVNV FUNDING, LLC ("LVNV") (collectively "Defendants") who, *inter alia*, used false, deceptive, and misleading practices, and other illegal practices, in connection with its attempts to collect an alleged debt from the Plaintiff and others.

2. The Plaintiff alleges that Defendants' collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA").

3. Such collection practices include, *inter alia*, sending consumers written communications which make false representations or implications that an attorney is meaningfully involved in the process of sending those communication.

4.     The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

5.     The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993).

6.     The FDCPA applies to lawyers regularly engaged in consumer debt-collection litigation. *Heintz v. Jenkins*, 514 U.S. 291 (1995); *Goldman v. Cohen*, 445 F.3d 152, 155 (2d Cir. 2006).

7.     To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations prohibited by that section are: false representations or implications that any individual is an attorney or that any communication is from an attorney, 15 U.S.C. §1692e(3); and the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer 15 U.S.C. §

1692e(10).

8. The Plaintiff, on behalf of himself and all others similarly situated, seeks statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or statutory regimes.

## II.  PARTIES

9. RICE is a natural person.

10. At all times relevant to this lawsuit, RICE is a citizen of, and resided in, the Hamlet of Port Washington, Nassau County, New York.

11. At all times relevant to this lawsuit, MEL HARRIS LLC is a limited liability company existing pursuant to the laws of the State of New York.

12. At all times relevant to this lawsuit, MEL HARRIS LLC maintains its principal place of business at 5 Hanover Square, 8th Floor, New York, New York.

13. Plaintiff is informed and believes, and on that basis alleges, that HARRIS is a natural person who resides in Queens County, New York.

14. At all times relevant to this lawsuit, LVNV is a limited liability company existing pursuant to the laws of the State of Delaware.

15. At all times relevant to this lawsuit, LVNV maintains its principal place of business at 625 Pilot Road, Suite 3, City of Las Vegas, Clark County, Nevada.

16. Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiff. Plaintiff will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

17. Plaintiff is informed and believes, and on that basis alleges, that Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of MEL HARRIS LLC and LVNV that are the subject of this Complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by MEL HARRIS LLC and LVNV and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

### III.  JURISDICTION & VENUE

18. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

19. Declaratory relief is available pursuant to under 28 U.S.C. §§ 2201, 2202.

20. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial district, and because the Defendants are each subject to personal jurisdiction in the State of New York at the time this action is commenced.

### IV.  FACTS CONCERNING THE PARTIES

21. Sometime prior to June 11, 2012, Plaintiff allegedly incurred a financial obligation to Citibank/Sears, ("Sears Obligation").

22. The Sears Obligation is alleged to have arisen out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

23. Defendants contend that the Sears Obligation is in default.

24. The alleged Sears Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

25. Plaintiff is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

26. Plaintiff is informed and believes, and on that basis alleges, that sometime prior to June 11, 2012, the creditor of the Sears Obligation either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to LVNV for collection.

27. LVNV is a purchaser of performing and non-performing consumer debts, which are in default at the time the debts are acquired.

28. LVNV collects, and attempts to collect, defaulted debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

29. In connection with its debt servicing operations, LVNV routinely hires lawyers and law firms, such as MEL HARRIS LLC and HARRIS, to file lawsuits against consumers in the State of New York in an effort to collect money by obtaining civil judgments on the defaulted debts it acquires.

30. LVNV is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

31. Plaintiff is informed and believes, and on that basis alleges, that sometime prior to June 11, 2012, and within the one year period immediately preceding the filing of the initial complaint in this action, LVNV either directly or through intermediate transactions assigned, placed, or transferred the Sears Obligation to MEL HARRIS LLC and HARRIS for collection including, but not limited to, the filing of a lawsuit.

32. MEL HARRIS LLC collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

33. MEL HARRIS LLC is, at all times relevant to this complaint, a "debt collector" as defined by 15 U.S.C. § 1692a(6).

34. On information and belief, HARRIS is a principal owner, director, shareholder, and/or managing partner of MEL HARRIS LLC.

35. HARRIS attempts to collect debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

36. HARRIS personally implemented, and with knowledge such practices were contrary to law, engaged in, acted consistent with, managed, and oversaw the illegal policies and procedures used by other employees of MEL HARRIS LLC.

37. HARRIS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

38. In an attempt to collect the Sears Obligation, MEL HARRIS LLC debt collector employees began placing telephone calls to Plaintiff beginning on at least June 6, 2012. During these telephone calls MEL HARRIS LLC left telephone messages for Plaintiff in which the callers falsely implied to Plaintiff that they were attorneys employed by MEL HARRIS who were attempting to call Plaintiff in connection with the collection of a debt. Plaintiff is now informed and believes, and on that basis alleges, that none of these callers were attorneys who are licensed to practice law in New York or in any other state. These calls continued for months.

39. In a further attempt to collect the Sears Obligation, Defendants sent Plaintiff a letter dated June 11, 2012 ("06/11/12 Letter"). A true and correct copy of the 06/11/12 Letter is

attached hereto as ***Exhibit A***.

40. Plaintiff did not receive the 06/11/12 Letter until June 17, 2012.

41. The 06/11/12 Letter is a "communication" as defined by 15 U.S.C. §1692a(2).

42. Plaintiff presumed that the 06/11/12 Letter was in fact the work product of a licensed attorney as it stated "**Please be advised we are the attorneys for the above**" (Emphasis in original) and was personally signed by one of MEL HARRIS LLC's attorneys.

43. Plaintiff further presumed that the 06/11/12 Letter was in fact the work product of a licensed attorney as it stated "**Demand is hereby made upon you for payment of this outstanding indebtedness**" (Emphasis in original) and was personally signed by one of MEL HARRIS LLC's attorneys.

44. Plaintiff further presumed that the 06/11/12 Letter was in fact the work product of a licensed attorney as it stated "**Should you wish to discuss this matter with a view towardss reaching an amicable settlement, please do not hesitate to contact us**" (Emphasis in original) and was personally signed by one of MEL HARRIS LLC's attorneys.

45. As Plaintiff understood the 06/11/12 Letter, as would the least sophisticated consumer, the only way to "amicably settle" the alleged Sears Obligation and avoid a "non-amicable" result such as a lawsuit and civil judgment was to call MEL HARRIS LLC and its attorneys.

46. After receiving the 06/11/12 Letter, Plaintiff reasonably inferred -- as would a "least sophisticated consumer" -- that Citibank/Sears was proceeding more aggressively as it has incurred the expense to hire a law firm, such as MEL HARRIS LLC, whose public reputation was to sue New York consumers and obtain judgments and those attorneys had taken the time to personally write him a letter and sign it.

47. In a further attempt to collect the Sears Obligation, Defendants sent Plaintiff a letter dated July 12, 2012 ("07/12/12 Letter"), which was in addition to the telephone calls and 06/11/12 Letter he had received, and was continuing to receive from Defendants. A true and correct copy of the 07/12/12 Letter is attached hereto as **_Exhibit B_**.

48. The 06/11/12 Letter is a "communication" as defined by 15 U.S.C. §1692a(2).

49. Plaintiff presumed that the 07/12/12 Letter was in fact the work product of a licensed attorney as it stated in the First Paragraph that "[o]ur client has asked us to convey to you an exciting way for you to **SAVE MONEY** and liquidate the above balance which is significantly past due" (Emphasis in original) and was personally signed by HARRIS.

50. As Plaintiff understood the First Paragraph of 07/12/12 Letter, as would the least sophisticated consumer, to be statements and conduct that only a licensed attorney could engage in or make, i.e., discussing what "our client" had asked MEL HARRIS LLC and HARRIS.

51. In fact, unlike the 06/11/12 Letter, the 07/12/12 Letter contains deliberately omits any admonition whatsoever that the attorney signing this particular letter had "not personally reviewed the particular circumstances of [Plaintiff's] account" and was personally signed by HARRIS who made the following additional affirmative statements to Plaintiff indicating he had indeed reviewed the particular circumstances of Plaintiff's account, as only a licensed attorney has the legal authority to make such statements:

  (a) "Our client has asked us to convey to you...."

  (b) "***Our client has authorized us to accept any reasonable settlement amount in order to satisfy this debt in full***." (Emphasis in original).

  (c) "One-lump payment settlements will create the largest savings for you."

  (d) "We will also accept offers of partial payment settlements."

52. In the Third Paragraph of the 07/12/12 Letter, MEL HARRIS LLC and HARRIS

affirmatively state that, "[t]he only requirement is that [Plaintiff] call this office within ten (10) days after receipt of this letter to discuss how much ***money [Plaintiff] will be saving***." (Emphasis in original). Plaintiff perceived, as would the least sophisticated consumer, that the foregoing statement constituted a one-time take it or leave it offer that would result in his being sued if he failed to "call [MEL HARRIS LLC and HARRIS] within 10 days" as it was personally signed by HARRIS and as Plaintiff was well aware of Defendants' strong propensity to sue New York consumers in an effort to obtain civil judgments on alleged debts such as the Sears Obligation.

53. The foregoing statement that, "[t]he only requirement is that [Plaintiff] call this office within ten (10) days after receipt of this letter to discuss how much ***money [Plaintiff] will be saving***" is flatly false, deceptive, and misleading, as Defendants will accept a settlement offer from Plaintiff and other consumers at any time.

54. Based on the foregoing facts, when considered in conjunction with the 06/11/12 Letter, Plaintiff believed, as would the least sophisticated consumer, that the 07/12/12 Letter was in fact the work product of a licensed attorney.

55. The only an attorney employed by MEL HARRIS LLC personally signed the 06/11/12 Letter was to scare Plaintiff, and other least sophisticated consumers, into believing that the "price of poker had just gone up" -- namely, that LVNV had now hired attorneys who were prepared to, and regularly do, sue consumers such as Plaintiff if quick arrangements are not made to pay the alleged debt.

56. The only reason HARRIS personally signed the 07/12/12 Letter was to scare Plaintiff, and other least sophisticated consumers, into believing that the "price of poker had just gone up" -- namely, that LVNV had now hired attorneys who were prepared to, and regularly do, sue consumers such as Plaintiff if quick arrangements are not made to pay the alleged debt.

57.     The fact the 06/11/12 Letter and 07/12/12 Letter appears to be personally signed by a licensed attorneys, lends significant credence to Plaintiff's presumption that these letters were in fact authored, and direct to be sent, by a licensed attorney who had reviewed the particular circumstances of his account prior to mailing same.

58.     The 07/12/12 Letter falsely represents and implies that a licensed attorney was directly or personally involved in reviewing Plaintiff's file or account prior to mailing same.

59.     After receiving the 06/11/12 Letter and 07/12/12 Letter, Plaintiff reasonably inferred -- as would a "least sophisticated consumer" -- that LVNV was proceeding more aggressively as it has incurred the expense to hire a law firm, whose attorneys were personally involved with the review and collection of his account.

60.     MEL HARRIS LLC intended that the 06/11/12 Letter and 07/12/12 Letter imply a heightened severity over dunning letters from non-attorney collection companies and that the least sophisticated consumer react with a commensurate level of alarm and concern thereby giving them an unfair business advantage over those non-attorney debt collection companies.

61.     Sometime after receiving the 06/11/12 Letter and 07/12/12 Letter, Plaintiff became informed and now believes, and on that basis alleges, that the 06/11/12 Letter and 07/12/12 Letter are actually computer-generated, mass-produced, letters that are sent to consumers at-large without any meaningful attorney review or involvement.

62.     At all times relevant to the collection of the alleged Sears Obligation, there existed a principal-agent relationship between LVNV on the one-hand, and MEL HARRIS LLC and HARRIS on the other hand.

63.     At all times relevant to the collection of the alleged Sears Obligation, MEL HARRIS LLC and HARRIS were also the agents for LVNV, acting within the course and scope

of their employment at the time of the incidents complained of herein, and were under the direct supervision, control, and approval of LVNV.

64. As the principal and a debt collector, LVNV is vicariously liable for the illegal collection activities of other debt collection companies and collectors, such as MEL HARRIS LLC and HARRIS, who are working on its behalf to collect debts from consumers like Plaintiff.

## V.  POLICIES AND PRACTICES COMPLAINED OF

65. It is Defendants' policy and practice to send written collection communications, in the form attached as ***Exhibit A*** and ***Exhibit B*** in connection with the collection of alleged consumer debts, which make false, deceptive, and misleading representations that any person is an attorney or that any communication is from an attorney and which make other materially false, deceptive, and misleading statements.

66. Such policies and practices are in violation of 15 U.S.C. §§ 1692e, 1692e(3), and 1692e(10).

67. "Abuses by attorney debt collectors are more egregious than those of lay collectors because a consumer reacts with far more duress to an attorney's improper threat of legal action than to a debt collection agency committing the same practice." *Crossley v. Lieberman*, 868 F.2d 566, 570 (3d Cir. 1989).

68. "A debt collection letter on an attorney's letterhead conveys authority and credibility." *Crossley v. Lieberman*, 868 F.2d 566, 570 (3d Cir. 1989).

69. On information and belief, the Defendants' written communications, in the form attached as ***Exhibit A*** and ***Exhibit B*** and as alleged in this complaint under the Facts Concerning Plaintiff, number in the thousands.

## VI.  CLASS ALLEGATIONS

70. This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

71. With respect to the Plaintiff Class, this claim is brought on behalf of a class of (a) all persons in the State of New York (b) to whom Defendants sent a written communication materially similar to the form attached as ***Exhibit A*** and ***Exhibit B***; (c) in an attempt to collect a debt that was incurred for personal, family, or household purposes; (d) which was not returned as undelivered by the United States Postal Service or a process server; (e) during the one year immediately preceding the filing of the initial complaint in this action and ending 21 days thereafter.

72. The identities of all class members are readily ascertainable from the records of MEL HARRIS LLC and LVNV.

73. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

74. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the form attached as ***Exhibit A*** and ***Exhibit B***, violate 15 U.S.C. §§ 1692e, 1692e(3), and 1692e(10).

75. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

76. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

77. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the form attached as *Exhibits A*, violates 15 U.S.C. §§ 1692e, 1692e(3), and 1692e(10).

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel has

any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

78. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the Defendants' written communications to consumers, in the form attached as ***Exhibit A*** and ***Exhibit B***, violate 15 U.S.C. §§ 1692e, 1692e(3), or 1692e(10) is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

79. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

80. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## VII.  FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

81. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

82. The Defendants' written communications in the form attached as ***Exhibit A*** and ***Exhibit B*** are false, deceptive, and misleading in that these communications were neither drafted by, nor received any meaningful review or involvement from, a licensed attorney prior to the mailing of said letters in violation of 15 U.S.C. §§1692e and 1692e(3).

83. The Defendants' written communication in the form attached as ***Exhibit A*** and ***Exhibit B*** constitutes the use of a false representation and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. §§1692e and 1692e(10).

## VIII.  PRAYER FOR RELIEF

84. WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and in favor of the Plaintiff Class as follows:

A. **For the FIRST CAUSE OF ACTION**:

(i) An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the Plaintiff Class as previously set forth and defined above;

(ii) An award of the maximum statutory damages for Plaintiff and the Plaintiff Class pursuant to 15 U.S.C. § 1692k(a)(2)(B);

(iii) For declaratory relief pursuant to 28 U.S.C. §§ 2201, 2202 adjudging Defendants' collection conduct complained of herein violates the FDCPA;

(iv) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

(v) For such other and further relief as may be just and proper.

## IX. JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

DATED: Fresh Meadows, New York
January 8, 2013

*s/ William F. Horn*
William F. Horn, Esq. (WH-1070)
LAW OFFICE OF WILLIAM F. HORN
188-01B 71st Crescent
Fresh Meadows, NY 11365
Telephone: (718) 785-0543
Facsimile: (866) 596-9003
Email: bill@wfhlegal.com

*Attorney for Plaintiff, James J. Rice and all others similarly situated.*

# EXHIBIT "A"

|  | **Mel S. Harris and Associates, LLC** |  |
|---|---|---|
| MEL S. HARRIS | ATTORNEYS AT LAW | HILARY KOHMAN |
| DAVID WALDMAN | 5 HANOVER SQUARE, 8th Floor | JOEL VAGO |
| ARTHUR SANDERS | NEW YORK, NY 10004 | SHELBY K. BENJAMIN |
| SCOTT WORTMAN | Tel (866)414-7444  (212)571-4900 | RACHEL D. HISLER |
|  | Fax (212)571-0965 |  |

JAMES J RICE
30 AVENUE A
PORT WASHINGTON, NY 11050

Dated:6/11/2012                ID. 1086■■■
Current Creditor: LVNV FUNDING LLC
Original Creditor: CITIBANK/SEARS
Ref #: 512107506197■■■
Total Due: $1384.63
**Your Account Representative is: Kimberly Lyons at ext.3214**

Dear JAMES J RICE ;

**Please be advised that we are the attorneys for the above.** Our client advises that you are indebted to it in the sum stated. Our client further advises that this debt is long past due and owing. At this time no attorney with this firm has personally reviewed the particular circumstances of your account.

**Demand is hereby made upon you for payment of this outstanding indebtedness.**

**Should you wish to discuss this matter with a view towards reaching an amicable settlement, please do not hesitate to communicate with this office.**

Very Truly Yours,

By: _____
       Mel S. Harris and Associates, L.L.C

I. HARRIS

This is a debt collection firm. This is an attempt to collect a debt. Any information obtained will be used for that purpose. Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor. **If you have a complaint about the treatment you received from a staff member, please call our hot line, 212-660-1097.**

NYC Department of Consumer Affairs License # 1315014

# EXHIBIT "B"

|  | **Mel S. Harris and Associates, LLC** |  |
|---|---|---|
| MEL S. HARRIS | **ATTORNEYS AT LAW** | HILARY KORMAN |
| DAVID WALDMAN | 5 HANOVER SQUARE, 8th Floor | JOEL VAGO |
| ARTHUR SANDERS | NEW YORK, NY 10004 | SHELBY K. BENJAMIN |
| SCOTT WORTMAN | Tel (866)414-7444  (212)571-4900 | RACHEL D. HISLER |
|  | Fax (212)571-0965 |  |

JAMES J RICE
30 AVENUE A
PORT WASHINGTON, NY 11050



**Your Account Representative is:Ms. Crayton at ext.3295**

07/12/2012            ID. 1086
Current Creditor: LVNV FUNDING LLC ASSIGNEE OF: CITIBANK/SEARS
Ref #: 51210750619
Total Due: $1,391.96

Dear JAMES J RICE;

Our client has asked us to convey to you an exciting way for you to **SAVE MONEY** and liquidate the above balance which is significantly past due.

***Our client has authorized us to accept any reasonable settlement amount in order to satisfy this debt in full.*** One-lump payment settlements will create the largest savings for you. We will also accept offers of partial payment settlements.

The only requirement is that you call this office within ten (10) days after receipt of this letter to discuss how much *money you will be saving*. After this time frame has elapsed, we will no longer be obligated to honor this money saving offer.

Our representatives are here from 8:00 am - 5:00 pm to assist you in this matter and confirm in writing to you any agreed settlement plan.

Sincerely,

Mel S. Harris & Associates, L.L.C.
By: Mel S. Harris, Esq.

This is a debt collection firm. This is an attempt to collect a debt. Any information obtained will be used for that purpose.
If you have a complaint about the treatment you received from a staff member, please call our hot line, **212-660-1097.**
NYC Department of Consumer Affairs License # 1315014